UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
MAY 16 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| JULIE M. WALFORD, | CIV 13-1002 |
| Plaintiff, | |
| | OPINION AND ORDER |
| -vs- | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of defendant's final decision denying plaintiff's claim for disability insurance benefits. I conducted a *de novo* review of the record and found that the Commissioner's decision was supported by substantial evidence on the record as a whole. Plaintiff has filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), seeking remand for consideration of Social Security Ruling ("SSR") 12-2p which was issued after the Administrative Law Judge's ("ALJ") decision denying her claim.

On July 25, 2012, the Commissioner issued SSR 12-2p which provided "guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromyalgia in disability claims." SSR 12-2p first sets forth criteria for determining whether a claimant has a medical determinable impairment ("MDI") of fibromyalgia. SSR 12-2p then sets forth how the Commissioner considers a finding of impairment due to fibromyalgia in the sequential evaluation process. *See* McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir. 2011) (setting forth the familiar five step sequential evaluation process). The ALJ's decision is consistent with the later issued SSR 12-2p.

Plaintiff contends that, although the ALJ did make a finding that she has a MDI of fibromyalgia, the ALJ failed to consider whether that impairment medically equaled a listing (Step 3 of the sequential evaluation process) and rejected her claim that her medical impairment

more than minimally affected her ability to perform work activities that exist in the national economy (Step 5 of the sequential evaluation process). Plaintiff claims the ALJ's decision was based upon the lack of objective medical evidence to support her claimed limitations and that decision is contrary to SSR 12-2p.

In this case, the ALJ found that plaintiff did have a MDI of fibromyalgia, along with depression. The ALJ further found that plaintiff was not performing substantial work activity (Step 1), that plaintiff's impairments were severe (Step 2), that plaintiff's impairments, including fibromyalgia, did not meet or equal a listed impairment (Step 3), that plaintiff had the residual functional capacity to perform sedentary work (Step 4), and that plaintiff was capable of doing work that exists in significant numbers in the national economy (Step 5).

Part IV of SSR 12-2p sets forth guidance for evaluating a claimant's statements about her symptoms and functional limitations. The ALJ's decision is consistent with the later issued guidance set forth in SSR 12-2p which provides, is part:

> Once an MDI is established, we then evaluate the intensity and persistence of the person's pain or any other symptoms and determine the extent to which the symptoms limit the person's capacity for work. If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms, we consider all of the evidence in the case record, including the person's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms; the nature and frequency of the person's attempts to obtain medical treatment for symptoms; and statements by other people about the person's symptoms. As we will explain in SSR 96-7p, we will make a finding about the credibility of the person's statements regarding the effects of his or her symptoms on functioning. We will make every reasonable effort to obtain available information that could help us assess the credibility of the person's statements.

The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent they are inconsistent with the residual capacity assessment. The ALJ did consider all the evidence set forth above in making that determination.

No remand is necessary in this case because the ALJ's decision was consistent with the later issued SSR 12-2p.

Now, therefore,

IT IS ORDERED that the plaintiff's motion, Doc. 17, to alter judgement is denied.

Dated this 16th day of May, 2014.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Paepke*
DEPUTY
(SEAL)